UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRENDA KELLY | ) | CASE NO. |
| 5268 Knollwood Drive, Apt. 5 | ) | |
| Parma, Ohio 44129 | ) | |
| | ) | DISTRICT JUDGE |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | |
| | ) | **PLAINTIFF'S COMPLAINT** |
| | ) | |
| vs. | ) | (Jury Demand Endorsed Herein) |
| | ) | |
| OHIO DEPARTMENT OF | ) | |
| DEVELOPMENTAL DISABILITIES | ) | |
| 30 East Broad Street | ) | |
| Columbus, Ohio 43215 | ) | |
| | ) | |
| Defendant. | ) | |

Now comes Plaintiff, Brenda Kelly, by and through counsel, and for a Complaint against Defendant Ohio Department of Developmental Disabilities, states and alleges the following:

**INTRODUCTION**

1. This is an employment action brought under Title VII of the Civil Rights Act of 1964, as amended.

2. Defendant is a state agency that provides support and services for people with developmental disabilities and their families.

3. Defendant employs over 20 people and was an "employer" for purposes of 42 U.S.C. § 2000e during the relevant time frame.

**JURISDICTION AND VENUE**

4. The Court has jurisdiction over Plaintiff's federal discrimination claims pursuant

to 42 U.S.C. § 2000e-5.

5. On August 9, 2017, the Equal Employment Opportunity Commission ("EEOC") issued Plaintiff a Right to Sue Letter with respect to the federal sexual harassment and retaliation claims asserted in this Complaint.

6. Venue lies in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant operated and Plaintiff was employed at Warrensville Developmental Center, located in Cuyahoga County, Ohio, within this district and division.

**FACTUAL ALLEGATIONS**

7. Plaintiff, a female, was employed by Defendant from approximately August 22, 2016 to approximately November 28, 2016 as a therapeutic program worker working with clients with developmental disabilities at Defendant's Warrensville Developmental Center.

8. Until mid-November 2016, Plaintiff's direct supervisor was Aaron Walker, who was employed as a house supervisor, directed Plaintiff's day to day activities, and had the authority to discipline Plaintiff (and did discipline Plaintiff) and terminate Plaintiff.

9. After mid-November 2016, Mr. Walker ceased directing Plaintiff's day to day activities, but remained a supervisor of her with the authority to discipline and terminate her.

10. On or around September 20, 2016, Plaintiff went to the restaurant BW-3 with Mr. Walker as a social outing. On that date, Mr. Walker attempted to force himself on Plaintiff and attempted to kiss her. Plaintiff resisted Mr. Walker's advances and drove away in her car.

11. For approximately two months, starting late September 2016 until late November 2016, Mr. Walker sexually harassed Plaintiff by engaging in the following activity: making comments about Plaintiff's body almost daily and trying to kiss her on a regular basis; rubbing his groin against Plaintiff's backside approximately 2-3 times per week, often while Plaintiff was

2

caring for patients; telling Plaintiff almost daily words to the effect of, "I want to bend you over the desk and fuck you;" telling Plaintiff almost daily words to the effect of, Your breasts and butt is so big" and "I want to eat you out."

12. Plaintiff consistently rebuked and refused Mr. Walker's advances during this period of severe and pervasive sexual harassment.

13. The sexual harassment to which Plaintiff was subjected was so severe and pervasive that she could no longer endure it, and she e-mailed Defendant a letter of resignation on or around November 17, 2016.

14. Shortly after sending her letter of resignation, Plaintiff met with Defendant's superintendent Wendy Digregorio and human resources manager David Montgomery on multiple occasions to discuss the sexual harassment to which Plaintiff was subjected. During these meetings, Plaintiff rescinded her resignation and continued to work for Defendant.

15. On or around November 28, 2016, Plaintiff met with Ms. Digregorio and Karen Reich, Defendant's Human Capital Management Analyst. During this meeting, Defendant terminated Plaintiff.

16. Defendant's agents stated in the November 28, 2016 meeting that the reason for the termination "was not just the Aaron issue" and "a lot of interpersonal stuff."

17. Defendant terminated Plaintiff because she complained about and reported sexual harassment to her supervisors.

**COUNT ONE**
**(Sex Harassment)**

18. Plaintiff reavers and realleges each and every paragraph above as if fully set forth herein.

19. The conduct described hereinabove constitutes sex harassment.

20. The harassing conduct was unwelcome by Plaintiff.

21. The harassing conduct was based on Plaintiff's gender, female.

22. The harassing conduct was sufficiently severe and pervasive to affect the terms, conditions, and privileges of Plaintiff's employment.

23. The harassing conduct unreasonably interfered with Plaintiff's work performance and created an intimidating, offensive, and hostile work environment.

24. Defendant failed to provide Plaintiff with a work environment free of sexual harassment.

25. Defendant is liable for this harassment because Aaron Walker was Plaintiff's immediate supervisor with control over her day to day activities and with the ability to discipline her.

26. Upon information and belief, Aaron Walker had sexually harassed other subordinates before he sexually harassed Plaintiff.

27. Defendant's actions and inactions described above are in violation of 42 U.S.C.§ 2000e–2.

28. Plaintiff has a remedy against Defendant pursuant to 42 U.S.C.§ 2000e–5.

29. The conduct described above was engaged in recklessly, maliciously, and intentionally.

30. Defendant's actions and inactions complained of above were egregious, reckless, willful, and deliberate. Plaintiff is entitled to an award of compensatory, punitive damages, emotional damages, as well as costs and attorneys' fees.

31. As a result of the foregoing actions of Defendant, Plaintiff has suffered damages

including but not limited to loss of wages in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00).

## COUNT TWO
### (Retaliation)

32. Plaintiff reavers and realleges each and every paragraph above as if fully set forth herein.

33. After, and as a result of, Plaintiff engaging in the protected activity of complaining to Defendant's management about sexual harassment, Defendant retaliated against Plaintiff by terminating her employment.

34. Plaintiff was qualified for the position of therapeutic program worker.

35. The retaliatory conduct described above was engaged in recklessly, maliciously, and intentionally.

36. Defendant's actions and inactions described above are in violation of 42 U.S.C.§ 2000e–3a.

37. Plaintiff has a remedy against Defendant pursuant to 42 U.S.C.§ 2000e–5.

38. Defendant's actions and inactions complained of above were egregious, reckless, willful, and deliberate. Plaintiff is entitled to an award of compensatory, punitive damages, emotional damages, as well as costs and attorneys' fees.

39. As a result of the foregoing actions of Defendant, Plaintiff has suffered damages including but not limited to loss of wages in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

A. Order Defendant to make Plaintiff whole by providing compensation for violation of her civil rights in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00);

B. Award Plaintiff appropriate back pay, front pay, compensatory damages, emotional damages, punitive damages, and reimbursement for lost wages in an amount to be proven at trial;

C. Grant to Plaintiff her attorneys' fees, costs, and disbursements;

D. Award Plaintiff pre- and post-judgment interest at the statutory rate; and

E. Grant such further and additional relief as this Court deems just and proper.

Respectfully submitted,

 /s/ David J. Steiner
David J. Steiner (0075217)
Anthony J. Lazzaro (0077962)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-650-4030
Facsimile: 216-696-7005
david@lazzarolawfirm.com
anthony@lazzarolawfirm.com
Attorneys for Plaintiff

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

 /s/ David J. Steiner
One of the Attorneys for Plaintiff