**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **BRENDA KELLY,** | : | |
| | : | |
| Plaintiff, | : | CASE NO. 1:17-cv-02159 |
| | : | |
| v. | : | JUDGE CHRISTOPHER A. BOYKO |
| | : | |
| **OHIO DEPARTMENT OF** | : | |
| **DEVELOPMENTAL DISABILITIES,** | : | |
| | : | |
| **Defendant.** | : | |

**DEFENDANT OHIO DEPRATMENT OF DEVELOPMENTAL DISABILITIES'
ANSWER TO PLAINTIFF'S COMPLAINT (Doc. 1)**

Defendant Ohio Department of Developmental Disabilities ("Defendant") answers Plaintiff Brenda Kelly's Complaint (Doc. 1) ("Complaint") as follows:

**INTRODUCTION**

1. Defendant avers the federal statute in Paragraph 1 of the Complaint speaks for itself. Defendant denies any remaining allegations.

2. Defendant admits the allegations in Paragraph 2 of the Complaint.

3. Defendant avers the federal statute in Paragraph 3 of the Complaint speaks for itself. Defendant admits the remaining allegations.

## JURISDICTION AND VENUE

4. Defendant avers the federal statute in Paragraph 4 of the Complaint speaks for itself and the remainder is a legal conclusion to which no response is required.

5. Upon information and belief, Defendant admits that the Equal Employment Opportunity Commission ("EEOC") issued a Right to Sue Letter to Plaintiff for claims she alleged against Defendant. Defendant denies any remaining allegations in Paragraph 5 of the Complaint for lack of knowledge.

6. Defendant avers the federal statute in Paragraph 6 of the Complaint speaks for itself. Defendant admits Plaintiff was employed at Defendant's Warrensville Developmental Center located in Cuyahoga County, Ohio. Defendant avers the remainder is a legal conclusion to which no response is required.

## PLAINTIFF'S "FACTUAL ALLEGATIONS"

7. Upon information and belief, Defendant admits the allegations in Paragraph 7 of the Complaint.

8. Defendant admits Aaron Walker was employed as a Residential Care Supervisor and supervised Plaintiff during part of her employment. Defendant denies the remaining allegations in Paragraph 8 of the Complaint.

9. Defendant admits Aaron Walker was employed as a Residential Care Supervisor and supervised Plaintiff during part of her employment. Defendant denies the remaining allegations in paragraph 9 of the Complaint.

10. Defendant denies the allegations in Paragraph 10 of the Complaint for lack of knowledge.

11. Defendant denies the allegations in Paragraph 11 of the Complaint for lack of knowledge.

12. Defendant avers that Paragraph 12 of the Complaint contains a legal conclusion in claiming "severe and pervasive sexual harassment" to which no response is required and denies any remaining allegations for lack of knowledge.

13. Defendant admits that on or around November 17, 2016, Plaintiff emailed a letter of resignation. Defendant avers that Paragraph 13 of the Complaint contains a legal conclusion in claiming "sexual harassment" and "severe and pervasive" to which no response is required and denies any remaining allegations for lack of knowledge.

14. Defendant admits that Plaintiff met with Wendy DiGregorio and David Montgomery on at least one occasion following Plaintiff's letter of resignation. Defendant avers that Paragraph 14 of the Complaint contains a legal conclusion in claiming "sexual harassment" to which no response is required. Defendant denies any remaining allegations.

15. Defendant admits Plaintiff met with DiGregorio and Karen Reich on or around November 28, 2016. Defendant denies the remaining allegations in Paragraph 15 of the Complaint.

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Defendant denies the allegations in Paragraph 17 of the Complaint.

### **"COUNT ONE (Sex Harassment)"**

18. Defendant incorporates its response to the prior paragraphs as if fully restated.

19. Defendant avers that Paragraph 19 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies.

20. Defendant avers that Paragraph 20 of the Complaint contains a legal conclusion in claiming "harassing conduct" to which no response is required. Defendant denies any remaining allegations for lack of knowledge.

21. Defendant avers that Paragraph 21 of the Complaint contains a legal conclusion in claiming "harassing conduct" to which no response is required, but denies the allegations.

22. Defendant avers that Paragraph 22 of the Complaint contains legal conclusions to which no response is required, but denies the allegations.

23. Defendant avers that Paragraph 23 of the Complaint contains legal conclusions to which no response is required, but denies the allegations.

24. Defendant avers that Paragraph 24 of the Complaint contains legal conclusions to which no response is required, but denies the allegations.

25. Defendant avers that Paragraph 25 of the Complaint contains legal conclusions to which no response is required, but denies the allegations.

26. Defendant avers that Paragraph 26 of the Complaint contains a legal conclusion to which no response is required, but denies the allegations for lack of knowledge.

27. Defendant avers the federal statute in Paragraph 27 of the Complaint speaks for itself and the allegations are legal conclusions to which no response is required. Defendant denies any remaining allegations.

28. Defendant avers the federal statute in Paragraph 28 of the Complaint speaks for itself and the allegation is a legal conclusion to which no response is required. Defendant denies any remaining allegations.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

## "COUNT TWO (Retaliation)"

32. Defendant incorporates its response to the prior paragraphs as if fully restated.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant admits the allegations in Paragraph 34 of the Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Defendant avers the federal statute in Paragraph 36 of the Complaint speaks for itself. Defendant further avers the remaining allegation is a legal conclusion to which no response is required, but denies the allegation.

37. Defendant avers the federal statute in Paragraph 37 of the Complaint speaks for itself. Defendant further avers the remaining allegation is a legal conclusion to which no response is required, but denies the allegation.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Defendant denies that Plaintiff is entitled to the relief sought in the WHEREFORE clause of her Complaint.

41. Defendant denies any allegations not expressly admitted in this Answer.

## AFFIRMATIVE AND OTHER DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. Defendant did not discriminate or engage in any unlawful conduct against Plaintiff at any time, and its actions were reasonable, made in good faith, and based solely on legitimate, non-discriminatory and non-retaliatory reasons.

3. Defendant exercised reasonable care to prevent and promptly correct any alleged discriminatory and/or retaliatory acts or behavior on the part of its employees.

4. Plaintiff has no right to damages because Defendant would have made the same decisions and taken the same actions absent any allegedly unlawful motivation.

5. Plaintiff has failed to mitigate damages.

6. Defendant expressly reserves the right to supplement this Answer and defenses raised herein as discovery proceeds.

**WHEREFORE,** Defendant prays that the Plaintiff's Complaint be dismissed with prejudice and that the Court enter judgment in favor of the Defendant; and that it award Defendant the costs of this lawsuit, and such other relief as this Court may deem just and appropriate.

Respectfully submitted,

MICHAEL DEWINE (0009181)
Ohio Attorney General

*/s/ Erin E. Butcher*

ERIN E. BUTCHER (0087278)
*Trial Counsel*
Associate Assistant Attorney General
WENDY K. CLARY (0077775)
Senior Assistant Attorney General
Employment Law Section
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215-3167
(614) 644-7257 – Telephone
(614) 752-4677 – Facsimile
elsreview@ohioattorneygeneral.gov

*Counsel for Defendant Ohio Department of Developmental Disabilities*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of November, 2017, a true and accurate copy of the foregoing *Defendant Ohio Department of Developmental Disabilities' Answer to Plaintiff's Complaint* was electronically filed. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Erin E. Butcher*

ERIN E. BUTCHER (0087278)
*Trial Counsel*
Associate Assistant Attorney General